**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------X
In Re:

CHESTER COLEMAN, JR. and
JESSIE COLEMAN,

                      Debtors.

---------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
05-CV-4302 (ADS)

Bankruptcy Case
No. 805-81533-288

**APPEARANCES:**

**LESTER & FONTANETTA, P.C.**
Attorney for the Debtors
666 Old Country Road, Suite 229
Garden City, New York 11530
       By:    Roy J. Lester, Esq., of Counsel

**DEIDRA A. MARTINI**
**OFFICE OF THE UNITED STATES TRUSTEE**
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722
       By:    Alfred Dimino, Esq., of Counsel

**PRYOR & MANDELUP, LLP**
Trustee
675 Old Country Road
Westbury, New York 11590
       By:    Robert L. Pryor, Esq., of Counsel

**SPATT, District J.**

       Presently before the Court is an unopposed motion by the debtors Chester Coleman, Jr. and Jessie Coleman (the "debtors") for leave to appeal the decision of United States Bankruptcy Judge Stan Bernstein in the above captioned matter dated

August 15, 2005. Judge Bernstein granted the motion of the United States Trustee (the "U.S. Trustee") for an extension of time to file a motion to dismiss the case for substantial abuse under 11 U.S.C. § 707(b) and to file a complaint seeking to deny the debtors' discharge under 11 U.S.C. § 727.

I.   **BACKGROUND**

On March 15, 2005, the debtors filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of New York. On March 25, 2005, the U.S. Trustee requested information and documents from the debtors. On April 19, 2005, the Court held the initial Section 341 meeting of creditors. The debtors state that they produced the documents that the U.S. Trustee requested prior to or on the date of the initial Section 341 meeting.

On June 20, 2005, the U.S. Trustee made a motion for an extension of time within which to file a motion to dismiss the petition or to file a complaint to object to the debtors' discharge. Under the Bankruptcy Rules, the Court may grant such an extension only if the request is made within sixty days after the date of the initial Section 341 meeting of creditors and only "for cause." See Bank. R. 1017(e)(1), 4004(a), 4004(b). In this case the U.S. Trustee's only stated reason for asking for the extension was that it was investigating the matter to determine if grounds exist for filing a motion to dismiss or to object the debtors' discharge, and that it "require[d] additional time in order to determine what is the appropriate direction." The debtors

opposed the motion on the grounds that it was not timely made and that the U.S. Trustee failed to establish "cause" warranting the extension.

On August 2, 2005, the parties argued the motion before Judge Bernstein. The U.S. Trustee argued that the extension was warranted because the debtors did not fully comply with its document request. The debtors argued that whatever the cause for the motion of the U.S. Trustee, that cause had to exist and be stated at the time the motion was made and, in this case, no such reason was stated in the U.S. Trustee's motion papers.

Judge Bernstein granted the U.S. Trustee's motion stating the following:

> I know, it has to be for cause, and that's a discretionary matter. . . . I'm going to grant his motion for an extension, and if he doesn't have a meritorious 707(b) motion, I'll deal with what might be appropriate sanctions after the fact, but I'm not going to cut off the trustee. I think that U.S. Trustee has made a sufficient showing that he acted within a reasonable time period, that he performed his duty of due diligence.

On September 12, 2005, the debtors filed a motion for leave to file an interlocutory appeal from Judge Bernstein's decision.

## II. DISCUSSION

Appeals from cases originating in the bankruptcy courts are governed by 28 U.S.C.§ 158. See 28 U.S.C. § 158; see also In re Arochem Corp., 176 F.3d 610, 618 (2d Cir. 1999) ("[Section 158] vests the district courts with appellate jurisdiction over bankruptcy court rulings."). "Appeals from non-final bankruptcy orders may be taken

only with leave of the district court." In re Adorn Glass and Venetian Blind Corp., No. 05 Civ. 1890(RJH), 2005 WL 3481325, at *2 (S.D.N.Y. Dec. 16, 2005).

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide standards for district courts to follow in determining whether to grant leave to appeal an interlocutory order. Thus, the Courts look to the standard 28 U.S.C. § 1292(b), which provides the general standard for granting leave to appeal an interlocutory order. See In re Pappas, 207 B.R. 379, 381 (B.A.P. 2d Cir. 1997) ("Leave to appeal an interlocutory order of a bankruptcy court will be granted only where the standards prescribed in 28 U.S.C. § 1292(b) are satisfied.") (citations omitted); see also In re Kliegl Bros. Univ. Elec. Stage Lighting Co., 1999 WL 1487599, at *1 (E.D.N.Y. Dec. 15, 1999); In re Bimco Indus., 124 B.R. 623, 625-26 (E.D.N.Y 1991).

Under 28 U.S.C. 1292(b), leave to appeal will be granted (1) if the decision involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) where an immediate appeal may materially advance the litigation. 28 U.S.C. § 1292(b); In re Kliegl Bros., 1999 WL 1487599, at *1. "[T]he determination of whether [an interlocutory appeal] is appropriate under these standards lies with the discretion of the district court." Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., No. 03 Civ. 7248 (JGK), 2004 WL 1286806, at *6 (S.D.N.Y. June 10, 2004). However, the Second Circuit has stated that

4

"only 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' " In re Flor, 79 F.3d 281, 284 (2d Cir. 1996); Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed.2d 351 (1978)).

### A. Controlling Question of Law

A question of law is controlling if reversal of the determination of that issue would terminate the action. In re Kliegl Bros., 1999 WL 1487599, at *1 (citing In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978)). However, although an issue is controlling if reversal of the bankruptcy court's order would terminate the litigation, "[t]he resolution of an issue need not necessarily terminate an action in order to be controlling." Klinghoffer, 921 F.2d at 24.

The questions presented by the debtors in this case are (1) whether the U.S. Trustee had "cause" to seek an extension of time for filing a motion under 11 U.S.C. § 707(b) or a complaint under 11 U.S.C. § 727; and (2) whether the U.S. Trustee should have been required to state its cause for the extension at the time it requested the extension. The Court also recognizes that the motion of the U.S. Trustee was filed more than sixty days after the initial Section 341 meeting. Thus, although the debtors did not present the issue of timeliness as a question to be determined on appeal, a third question of timeliness may be present.

These questions are controlling because a determination on appeal in the debtors' favor on any one of these issues would eliminate the U.S. Trustee's ability to file a motion to dismiss for substantial abuse or to file a complaint to deny the debtors' discharge.  See In re Pappas, 207 B.R. at 382.  If this were to happen, the debtors would automatically be entitled to a discharge under Rule 4004, almost certainly bringing a swift end to the case.  Accordingly, the requirement that the decision appealed from involve a controlling question of law is satisfied.

**B.     Advancement of the Litigation**

The Court is also satisfied that a successful appeal by the debtors would significantly advance the resolution of the litigation.  A court is unlikely to find that an appeal would materially advance the ultimate termination of the litigation if the appeal would complicate the action, delay the conclusion of the litigation, impose additional costs, or where it would require review of an issue that might become moot as the matter progresses.  See In re Enron Corp., 316 B.R. 767, 772 (S.D.N.Y. 2004); In re Natural Metal Craft Corp., 211 B.R. 905, 907 (B.A.P. 8th Cir. 1997).  In this case, the opposite could be true.  Unlike cases where a grant of an interlocutory appeal may have the practical effect of creating costly, protracted litigation, a ruling in the debtors' favor in this case would likely have the effect of avoiding additional proceedings and attendant expenditure of time and costs.  See Pappas, 207 B.R. at 382.  ("Absent a ruling on the issue now, the parties and the Court may proceed with a

potentially protracted and costly adversary proceeding only to learn on appeal from a final order that the entire proceeding was for naught.").

### C. Substantial Ground for Difference of Opinion

The final element that a party seeking leave to appeal must satisfy is that the question raised by the appeal must be such that there is "substantial ground for difference of opinion." See In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). For there to be "substantial ground for difference of opinion" regarding an issue, it must involve more than strong disagreement between the adversary parties. See N. Fork Bank v. Abelson, 207 B.R. 382, 390 (E.D.N.Y. 1997); In re IBI Sec. Serv., Inc., 174 B.R. 664, 670 (E.D.N.Y. 1994). A "substantial ground for difference of opinion' must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order." In re Adelphia Commc'ns Corp., 333 B.R. 649, 658-59 (S.D.N.Y. 2005). For example, there is a substantial ground for difference of opinion when the issue is "difficult and of first impression." Id. (citing Klinghoffer, 921 F.2d at 25). Also, a substantial ground for difference of opinion can be established through the compilation of conflicting or contradictory opinions on the issue. See In re Pappas, 207 B.R. 379, 381-82 (B.A.P. 2d Cir. 1997); Oyster v. Johns-Manville Corp., 568 F. Supp. 83, 88 (E.D. Pa.1983). By contrast, a "mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion." See Wausau Bus. Ins. Co. v. Turner Const. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y.

2001); Scott v. Dime Sav. Bank of N.Y., 1993 WL 350046 at *1, at *3-4 (S.D.N.Y. Sept. 3, 1993).

In this matter, the debtors have done nothing more than state their disagreement with the decision of the bankruptcy judge. This is insufficient to demonstrate a substantial ground for difference of opinion as to the questions of law involved in Judge Bernstein's Decision. In fact, the debtors' motion papers are devoid of any argument that a substantial difference of opinion exists with regard to any issue in this case. The debtors have made no showing that there is any doubt as to the correct standard to apply to a motion for an extension of time, or that their appeal presents difficult questions of first impression. Nor have the debtors produced any cases offering conflicting opinions on the question of what constitutes "cause" for the purpose of an extension of time for filing a motion under 11 U.S.C. § 707(b) or a complaint under 11 U.S.C. § 727 or when that cause must be alleged.

The cases the debtors cite in support of their application lend them no support in establishing this factor. See In re Pappas, 207 B.R. 379 (B.A.P. 2d Cir. 1997); In re Grillo, 212 B.R. 744 (Bankr. E.D.N.Y. 1997). In Pappas, the Court expressly found that there was conflicting case law on the controlling question of whether the bankruptcy court had discretion to extend the time of a creditor to commence an adversary proceeding based solely on a general motion by a different creditor with no

particularized showing of "cause" as to the creditor who did not file or join in the motion. 207 B.R. at 381.

In Grillo, the Court denied a creditor's request for an extension of time to file an objection to a Chapter 7 debtor's discharge because the creditor failed to establish "cause" for doing so. Even if Grillo is favorable to the debtors' position, that case does not warrant granting the debtors' motion for leave to appeal. The fact that one Court may have reached a conclusion contrary to the order to be appealed from does not provide a basis for finding a substantial ground for difference of opinion.

In sum, the debtors have failed to satisfy one of the three factors necessary for granting leave to appeal an interlocutory order. Namely, that there is a substantial ground for a difference of opinion regarding the issues the debtors would raise on appeal. Accordingly, the debtors' motion for leave to file an interlocutory appeal is denied.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the debtors' motion for leave to appeal the interlocutory order of the United States Bankruptcy Court, dated August 15, 2005, is denied; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
July 12, 2006

                                             _/s/ Arthur D. Spatt_
                                                    ARTHUR D. SPATT
                                              United States District Judge